EINHORN, BARBARITO, FROST & BOTWINICK
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Christopher L. Musmanno, Esq.
Attorney ID No.: 020031988
*Attorneys for Plaintiff, Shelby N. Johnson*

| | |
|---|---|
| SHELBY N. JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS J. DUDEK-KUSHNIK, FED EX GROUND, INC., CUNEX, INC., MOE DOE, LARRY DOE, CURLY DOE AND/OR THREE STOOGES CORPORATION (fictitious names for the persons, partnerships and/or corporations intended), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: UNIONCOUNTY <br><br> Docket No. UNN-L- <br><br><br> **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DISCOVERY DEMANDS AND CERTIFICATIONS** |

Plaintiff, Shelby N. Johnson, residing at 338 Regina Avenue, in the City of Rahway, County of Union, and State of New Jersey, by way of Complaint against the defendants says:

### FIRST COUNT

1. On or about December 17, 2019, at approximately 5:46 p.m., Plaintiff, Shelby N. Johnson, was the owner and operator of a motor vehicle, which traveling Eastbound on Regina Avenue, in the City of Rahway, County of Union and State of New Jersey.

2. At the aforesaid time and place, Defendant, Thomas J. Dudek-Kushnik, was the operator of a commercial vehicle, owned by Defendants, Cunex, Inc. and/or Fed Ex Ground, Inc., when he pulled off from being parked and struck the Plaintiff's vehicle on the passenger side.

3. At the aforesaid time and place, Defendant, Thomas J. Dudek-Kushnik, negligently, carelessly, and recklessly operated the aforementioned motor vehicle, by failing to maintain proper observations and/or take evasive actions striking Plaintiff's vehicle.

4. As a direct and proximate result of the negligence of Defendant, Thomas J. Dudek-Kushnik, as aforesaid, Plaintiff, Shelby N. Johnson, sustained severe and permanent personal injuries including but not limited to: *a right sided disc herniation at L5-S1 that impinges upon the anterior thecal sac and right nerve roots within the spinal canal; a left disc herniation effacing the anterior thecal sac at C5-6 impinging upon the cervical spinal cord itself and left nerve roots; a tear of the supraspinatus tendon; and left C5-C6 and right L4-L5 radiculopathy;* has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure herself of her injuries; has been and will be deprived of attending to her usual activities and other great damages.

**WHEREFORE**, Plaintiff, Shelby N. Johnson, demands Judgment against the Defendants, Thomas J. Dudek-Kushnik, Cunex Inc. and/or Fed Ex Ground, Inc., jointly and separately for damages, interest, and costs of suit.

## SECOND COUNT

1. Plaintiff, Shelby N. Johnson, repeats each and every allegation of the First Count of the Complaint as though more fully set forth herein.

2. At all relevant times herein, the Defendants, Thomas J. Dudek-Kushnik, Cunex, Inc. and/or Fed Ex Ground, Inc., Moe Doe, Curly Doe, Larry Doe and/or Three Stooges Corporation, (fictitious names for the persons, partnerships and/or corporations intended), so negligently, carelessly, and recklessly, owned, operated, employed the operator, designed, manufactured, sold, distributed, repaired, modified, renovated, tested, constructed, inspected and/or serviced any part of

2

the motor vehicle involved in the within motor vehicle accident and/or any of its component parts and were otherwise negligent.

3. As a direct and proximate result of the negligence of the Defendants, Thomas J. Dudek-Kushnik, Cunex, Inc. and/or Fed Ex Ground, Inc., Moe Doe, Curly Doe, Larry Doe and/or Three Stooges Corporation (fictitious names for the persons, partnerships and/or corporations intended), as aforesaid, Plaintiff, Shelby N. Johnson, sustained severe and permanent personal injuries including, but not limited: *a right sided disc herniation at L5-S1 that impinges upon the anterior thecal sac and right nerve roots within the spinal canal; a left disc herniation effacing the anterior thecal sac at C5-6 impinging upon the cervical spinal cord itself and left nerve roots; a tear of the supraspinatus tendon and left C5-C6 and right L4-L5 radiculopathy;* has been and will be caused to expend large sums of money in an effort to cure herself of her injuries; has been and will be deprived of attending to her usual activities and other great damages.

**WHEREFORE**, Plaintiff, Shelby N. Johnson, demands Judgment against the Defendants, Thomas J. Dudek-Kushnik, Cunex, Inc. and/or Fed Ex Ground, Inc., Moe Doe, Curly Doe, Larry Doe and/or Three Stooges Corporation (fictitious names for the persons, partnerships and/or corporations intended) jointly and separately for damages, interest, and cost of suit.

                        EINHORN, BARBARITO, FROST
                        & BOTWINICK, P.C.
                        Attorneys for Plaintiff

BY: _____
      CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all triable issues.

                EINHORN, BARBARITO, FROST
                & BOTWINICK, P.C.
                Attorneys for Plaintiff

BY: _____
      CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of the Rule 4:25-4, the Court is advised that Christopher L. Musmanno is hereby designated as trial counsel.

                EINHORN, BARBARITO, FROST
                & BOTWINICK, P.C.
                Attorneys for Plaintiff

BY: _____
      CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to R.4:17-1(b)(ii), the Plaintiff hereby demands that all defendant answer the uniform interrogatories listed in Form C and C (1) of Appendix II of the Rules of Court.

                EINHORN, BARBARITO, FROST
                & BOTWINICK, P.C.
                Attorneys for Plaintiff

BY: _____
      CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

The undersigned attorney for Plaintiff hereby demands that proof of all insurance which may extend coverage to the defendant for the subject incident and the limits of said coverage be furnished to Plaintiff within five days of the date hereof.

>                    EINHORN, BARBARITO, FROST
>                    & BOTWINICK, P.C.
>                    Attorneys for Plaintiff
>
> BY:    _____
>                    CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

## NOTICE IN LIEU OF SUBPOENA

Pursuant to R.1:9-1 Plaintiffs hereby demand the appearance of each and every named defendant for the purpose of giving testimony in the above referenced action at the time of trial.

>                    EINHORN, BARBARITO, FROST
>                    & BOTWINICK, P.C.
>                    Attorneys for Plaintiffs
>
> BY:    _____
>                    CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

5

## NOTICE TO PRODUCE DOCUMENTS

1. Any part of the vehicle that any party to this action alleges was defective as a result of its design, manufacture, preparation for sale or service and as a proximate cause of the incident described in the complaint for which damages are claimed in this action for inspection, examination, photographing and testing, if necessary, at the facilities of the defendant serving this request for production.

2. All photographs of the vehicle or any of its parts that exist so that copies can be made.

3. All photographs of the scene of the accident or incident complained of and for which damages are claimed in this action so that copies can be made.

4. All work orders, invoices or other documents relating in any way to the purchase, service, maintenance, repair or work of any kind done on the vehicle before the time of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

5. All work orders or other documents and invoices, repair estimates and bills relating in any way to the repair, service, maintenance or sale of the vehicle after the time of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

6. Any contracts, subcontracts, agreements, and leases which relate in any way to the incident described in the complaint.

7. Any accident, incident, and investigative reports made by any person, corporation, or business concerning the incident described in the complaint, including any and all reports completed by or submitted to any governmental agency.

8. The written reports, notes and any other documents made by any expert, mechanic or other person who examined the vehicle or any part of it after the time of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

9. Any document containing or describing a verbal report or statement of any expert, mechanic or other person who examined the vehicle after the incident described in the complaint for which damages are claimed in this action so that copies can be made.

10. The written reports, notes and other documents made by any expert, mechanic or other person who examined any part of the vehicle that any party to this action alleges was defective as a result of its design, manufacture, preparation for sale or service and was a proximate cause of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

11. Any documents containing or describing the verbal reports or statements of any expert, mechanic or other person who examined any part of the vehicle that any party to this action alleges was defective as a result of its design, manufacture, preparation for sale or service and was a proximate cause of the incident described in the complaint for which damages are claimed in this action so that copies thereof can be made.

12. Any and all reports, memoranda, letters, statements, and notes prepared or generated by each person whom this defendant anticipates calling as an expert witness at trial.

13. Any and all documents which this defendant's proposed expert witnesses have relied upon in formulating their opinions, including but not limited to all treatises, articles, books, periodicals, studies, rules, regulations, codes, and other publications.

EINHORN, BARBARITO, FROST
& BOTWINICK, P.C.
Attorneys for Plaintiff

BY: _____
CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

I, Christopher L. Musmanno, certify that:

1. I am an attorney at law of the State of New Jersey, attorney for the Plaintiff.

2. Upon information and belief, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding; and no other action or arbitration proceeding is contemplated. At this time, the Plaintiff know of no other party who should be joined in the action.

**I CERTIFY** that the foregoing statements made by me are true. I am aware that if any of the statements are willfully false, I am subject to punishment.

EINHORN, BARBARITO, FROST
& BOTWINICK, P.C.
Attorneys for Plaintiff

BY: _____
CHRISTOPHER L. MUSMANNO

Dated: October 15, 2020

8

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-003432-20

**Case Caption:** JOHNSON SHELBY VS DUDEK-KUSHNIK THOMAS
**Case Initiation Date:** 10/16/2020
**Attorney Name:** CHRISTOPHER L MUSMANNO
**Firm Name:** EINHORN BARBARITO FROST & BOTWINICK, PC
**Address:** 165 E MAIN ST PO BOX 3010 DENVILLE NJ 078343010
**Phone:** 9736277300
**Name of Party:** PLAINTIFF : Johnson, Shelby, N
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Shelby N Johnson?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/16/2020                                                                                           /s/ CHRISTOPHER L MUSMANNO
Dated                                                                                                                            Signed